1

JUDGE THOMAS S. ZILLY

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT

7

WESTERN DISTRICT OF WASHINGTON

8

9 | MARY JANE MEUNIER,
133 West Oregon Street,
10 | Apartment #207,
Milwaukee, WI 53204
11 | Individually, and as the Court-Appointed
Personal Representative of the Estate of
12 | David A. Meunier, Deceased,

Case No. C13-1046 RXZ

13 |                              Plaintiff,

AMENDED COMPLAINT

14 |             vs.

15 | GROUP HEALTH COOPERATIVE,
320 Westlake Avenue N, Suite 100,
16 | Seattle, WA 98109, and
AETNA LIFE INSURANCE
17 | COMPANY, 151 Farmington Avenue,
Hartford, CT 06156-7628,
18

19 |                              Defendants.

20

21      The Plaintiff, Mary Jane Meunier, individually, and as the court-appointed

personal representative of the estate of David A. Meunier, her deceased husband,

22

23 complaining of the Defendants, Group Health Cooperative and Aetna Life Insurance

24

25 AMENDED COMPLAINT - 1

1  Company, seeks appropriate equitable relief and other appropriate relief from the Court

2  and asserts as follows:

3  <center>Parties</center>

4      1.      Plaintiff, Mary Jane Meunier ("Plaintiff" or "Mary Jane"), is a citizen of

5  the State of Wisconsin, resides at 133 West Oregon Street, Apartment #207, Milwaukee,

6  Wisconsin 53204 and is the Wisconsin court-appointed personal representative of the

7  estate of David A. Meunier, deceased.   In the Estate of David A. Meunier, State of

8  Wisconsin, Waukesha Court Case Number 2013PR000389 (court papers attached hereto

9  and incorporated herein by reference as Exhibits "A" - "K".)

10

11      2.      Plaintiff's deceased husband, David A. Meunier ("David"), was an

12  employee of defendant Group Health Cooperative from November 10, 2008 through

13  May 14, 2009.

14      3.      David was also a participant, as defined by ERISA § 3(7), 29 U.S.C.

15  § 1002(7), in the life insurance benefit plan (hereinafter "the life insurance benefit plan"

16  or "the plan") sponsored by defendant Group Health Cooperative.

17      4.      Defendant, Group Health Cooperative ("GHC"), is a corporation

18  organized and existing pursuant to the laws of the State of Washington and which does

19  business in Seattle, Washington.

20      5.      GHC sponsored the life insurance benefit plan in which David Meunier

21  participated and GHC was a fiduciary of the plan as defined by ERISA § 3(21), 29 U.S.C.

22  § 1002(21).

23

24

25  AMENDED COMPLAINT - 2

MOSCHETTO &
KOPLIN

Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

6.      Defendant, Aetna Life Insurance Company ("Aetna"), is an insurance corporation organized and existing pursuant to the laws of the State of Kentucky and which does business in Seattle, Washington.

7.      Aetna insured the GHC life insurance benefit plan in which David Meunier participated and Aetna was a fiduciary of the plan as defined by ERISA § 3(21), 29 U.S.C. § 1002(21).

<u>Venue</u>

8.      Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Defendants' breaches of fiduciary duties under ERISA occurred in Seattle, Washington.

<u>Subject Matter Jurisdiction</u>

9.      In this matter, the Plaintiff asserts various causes of action against the Defendants including a claim for relief pursuant to the Employee Retirement Income Security Act, ERISA §§ 2-4402, 29 U.S.C. §§ 1001-1461.   Additionally, there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

<u>Background</u>

10.      The Plaintiff widow-beneficiary is suing the Defendants to obtain the life insurance benefits and other employee benefits to which she is entitled related to her deceased husband, David A. Meunier ("David").   David was employed with GHC in Seattle, Washington, which sponsors a group term life insurance plan for its employees (including David at material times) through Aetna.   GHC and Aetna have breached their

AMENDED COMPLAINT - 3

MOSCHETTO & KOPLIN

Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

ERISA fiduciary duties towards David and Mary Jane in connection with the GHC life insurance benefit plan, and GHC and Aetna have resisted attempts to achieve an equitable resolution of this matter.  The Court should apply appropriate equitable remedies under ERISA for these fiduciary duty breaches by the Defendants.

Facts

11.     On November 10, 2008, Mary Jane's late husband David started a new job with GHC in Seattle, Washington.  The Meunier family remained in Wisconsin but intended to relocate to Seattle with David following the end of the school year. Unfortunately, David was diagnosed with terminal brain cancer (Glioblastoma multi-form grade 4) on November 19, 2008.

12.     After David's cancer diagnosis, the Meuniers inquired of GHC about its impact on David's employee benefit coverages:  most importantly, his health, disability and life insurance.  The Meuniers were told by GHC that David qualified for short-term disability coverage at half pay for 90 days, but did not qualify for long-term disability coverage due to the fact that David had not been employed with GHC for a sufficient period of time.  The health and dental coverage would continue while David was on leave from GHC and would eventually fall under COBRA coverage.

13.     Importantly, at the time of David's medical diagnosis and his consideration of his medical treatment options, GHC did not make it clear to David that he would be ineligible for life insurance coverage until the first of the month following 30 days of continuous service with GHC.  David immediately underwent surgery following his medical diagnosis.  David's attending physician released David to return to work

AMENDED COMPLAINT - 4

Moschetto & Koplin, Inc., P.S.
MOSCHETTO & KOPLIN
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

1   remotely following his surgery.  However, GHC did not allow David to do so, and GHC

2   terminated his remote access to its computer network early in January, 2009.  Meanwhile,

3   the Meuniers assumed that David had life insurance coverage.  After David's employment

4   was terminated by GHC in May, 2009, Mary Jane contacted Mr. Jon Moran, HR

5   Consultant for GHC's legal division on July 7, 2009 by email, requesting that he resend

6   her a COBRA notice, and she also stated, "I am also in need of the benefit information in

7   regards to the life insurance David carries with Group Health Cooperative.  I believe he

8   also applied for additional Life Insurance with the company in addition to what was

9   provided."  Mr. Moran responded to her the same day with the comment, "David does not

10  carry any life insurance with Group Health since he is no longer an employee.  You may

11  be able to convert his life insurance through COBRA."  This was the first notice the

12  Meuniers received that David's GHC life insurance coverage had terminated.

13

14          14.     Mary Jane was advised by GHC that David's life insurance coverage could

15  be converted through COBRA (legally and practically incorrect) by contacting GHC's

16  COBRA vendor Benefit Concepts, Inc. ("BCI"), which has avowed that it does not

17  handle life insurance conversions.

18          15.     Mary Jane continued to pursue her questions about, and to request

19  documentation, on the life insurance coverage from GHC, but she was stonewalled by

20  GHC so many times that she eventually, and reluctantly, gave up the fight for the time

21  being.

22          16.     David died on April 18, 2010.

23

24

25  AMENDED COMPLAINT - 5



Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

17.     Later, in 2011, Mary Jane went through David's GHC employment records and came across David's GHC earning statements, true and correct copies of which are attached hereto and incorporated herein by reference as Exhibits L-X,  that show life insurance premium deductions were taken by GHC from David's pay.  David's GHC pay stubs show that GHC contributed towards David's basic life insurance coverage from January 1, 2009 through February 14, 2009 and that GHC deducted contributions from David's Short-Term Disability benefits for supplemental life insurance coverage from January 1 through January 31, 2009 and on information and belief forwarded David's premium payments to Aetna.  Mary Jane felt she could not let the GHC life insurance matter rest, because she knew David had done everything that he thought he needed to do to make sure there was life insurance coverage for his family in the event something happened to him.

18.     On or about April 12, 2011, Mary Jane called Mr. Brian Powell in the Human Resources Department at GHC.  Mr. Powell confirmed to Mary Jane that David was eligible for GHC life insurance benefits and had such coverage, from January 1, 2009 through February 22, 2009.  This was new information for Mary Jane, because neither David nor Mary Jane had received a summary plan description ("SPD") for David's GHC life insurance coverage until Marlo Reyes of GHC forwarded a copy to Mary Jane electronically on April 15, 2011.  In a telephone conversation with Mary Jane on April 25, 2011, Mr. Powell of GHC also confirmed to her that during David's short-term disability leave, David's GHC employee status remained intact and David was considered "active" the entire time.   Mr. Powell referred Mary Jane to Aetna, who

AMENDED COMPLAINT - 6

MOSCHETTO & KOPLIN

Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

referred her back to GHC, who then referred her to BCI, who referred her back to GHC, all of whom disclaimed any responsibility with respect to the life insurance conversion.

19.     Mary Jane then requested a copy of the original GHC offer of employment letter to David and copies of the Meuniers' benefit election forms.  GHC refused her request in an e-mail sent from GHC to Mary Jane dated April 28, 2011.   Shortly thereafter, Mary Jane consulted legal counsel for assistance in connection with the GHC life insurance coverage matter.

20.     A letter was sent to GHC dated June 13, 2011 with regard to life insurance benefits for Mary Jane as David's widow-beneficiary.   In response to the letter, GHC finally filed a claim with Aetna for life insurance benefits for David.  Aetna denied the claim providing as its reason that David was never eligible for the life insurance coverage in the first instance, because he allegedly had not completed the 30-day service requirement; therefore, according to Aetna, David also would not have been eligible for any conversion coverage.  Neither GHC nor Aetna has acknowledged that premiums for David's life insurance coverage were deducted by GHC from David's pay and were forwarded by GHC to Aetna while David was employed by GHC.

21.     David enrolled for life insurance coverage amounting to $660,000, for which GHC breached its ERISA fiduciary duties with respect to disclosure, especially with regard to making sure David understood that his life insurance coverage would allegedly not be in effect until January 1, 2009 at the earliest, and that the 30-day service requirement for eligibility applied.   At the time of his medical diagnosis, David's symptom was headaches.  Following his surgery, David's physician had released him to

AMENDED COMPLAINT - 7

MOSCHETTO & KOPLIN

Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

return to work, and GHC failed to engage in the legally required interactive process that potentially would have allowed David to then qualify for the life insurance coverage under the plan.  Instead, GHC refused to let David work after his surgery, and GHC failed to disclose to David the effect this might have on the life insurance coverage available to him.

22.     Due to GHC's misleading actions and omissions and GHC's refusal to allow David to continue to work for GHC following his surgery, the Meuniers suffered significant financial hardship once David's short-term disability benefits ran out.  As a result, the Meuniers exhausted their 401(k) retirement account, were forced to sell their $400,000 home in a "short sale" for $310,000, and had to sell some of their other assets, including one of their automobiles, in order to make ends meet.  The accelerated death benefit feature of the life insurance coverage promised by GHC to David could have at least prevented the loss of the Meuniers' home.

23.     Upon information and belief, the Plaintiff is the named beneficiary of David for the plan.

24.     The plan is an ERISA-governed life insurance plan.

25.     Because GHC collected and Aetna accepted premiums from David for his life insurance coverage, GHC and Aetna should be equitably estopped to deny that such coverage existed, and they should have informed David about the terms of his life insurance coverage, allowed him to make a claim for Accelerated Death Benefits due to terminal illness and/or a claim for extended life insurance coverage due to total disability, GHC and Aetna should have made conversion to an individual life insurance policy

AMENDED COMPLAINT - 8

MOSCHETTO & KOPLIN

Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

available to David when GHC stopped paying premiums for the group term life insurance coverage which applied to David.

26.     GHC deducted contributions from David's short-term disability benefits for supplemental life insurance coverage from January 1 through January 31, 2009.  This indicates that GHC considered that David had satisfied the 30 days of continuous service.  After February, 2009, David's GHC pay stubs showed no more deductions or employer contributions towards David's group term life insurance coverage.  Presumably, GHC quit paying such life insurance premiums after February, 2009, so coverage would have lapsed.  GHC failed to notify David of the termination of his life insurance premium payments and the associated termination of his life insurance coverage.  In addition, GHC failed to provide David with a SPD so that David would know about the possibility of either the extension of benefits under the Permanent and Total Disability feature of the plan or the Accelerated Death Benefits for terminal illness feature of the plan.  GHC also failed to provide David notice of his life insurance conversion rights, either through a SPD mechanism or by a separate notice from GHC to David.

27.     If David would not have been able to secure life insurance coverage on his own because of his medical condition, then GHC's failure to make the terms of eligibility clear to him and to allow David to work long enough to qualify for life insurance coverage under the plan is particularly egregious.  When David eventually died, both the Plaintiff and David had reason to believe that David had been covered for life insurance by the plan, with the conversion issue unresolved.  After David's passing and upon later finding evidence from his GHC pay stubs that premiums had in fact been paid for his life

AMENDED COMPLAINT - 9

MOSCHETTO & KOPLIN

Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

insurance coverage, the Plaintiff pursued a claim for David's life insurance benefits only to be told later by Aetna that David had not been eligible to participate in the plan.

**FIRST CLAIM FOR RELIEF**

**(Breach of Fiduciary Duty and, in the Alternative, Wrongful Denial of Employee Benefits under ERISA Section 502, 29 U.S.C. 1132)**

28.     Plaintiff incorporates all prior allegations as if fully set forth herein.

29.     The Defendants are fiduciaries of the plan regarding the acceptance of life insurance premiums and providing life insurance coverage to eligible persons such as David.   The Court may construct an equitable remedy, including waiver, equitable estoppel and equitable surcharge, pursuant to ERISA in order to require the Defendants to cover the life of the Plaintiff's decedent, David.

(a)     Pursuant to ERISA § 404, 29 U.S.C. § 1104, the Defendants had a fiduciary duty to advise David and the Plaintiff in their best interest and to make sure that they were aware of their rights and standing in the plan. Defendants also had a fiduciary duty to administer the plan in the best interest of David and the Plaintiff and other plan participants.

30.     The Defendants breached their fiduciary duties under ERISA to David and the Plaintiff, his widow-beneficiary, because the Defendants:

(a)     failed to advise David and the Plaintiff properly with respect to the condition that would have to be satisfied in order for David to be eligible for the life insurance;

AMENDED COMPLAINT - 10

MOSCHETTO & KOPLIN

Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

(b)     accepted David's enrollment in the plan and accepted premium contributions for life insurance coverage for David through payroll deductions, thereby in effect representing that David was a participant in the plan,

(c)     failed to timely provide David or the Plaintiff with a SPD regarding his life insurance benefits,

(d)     failed to advise David or the Plaintiff when the Defendants stopped paying life insurance premiums on his behalf to the plan,

(e)     failed to advise David or the Plaintiff about the extension of benefits under the Permanent and Total Disability feature of the plan, the Accelerated Death Benefits for terminal illness feature of the plan, or David's right of conversion to an individual policy of life insurance, and

(f)     failed to administer the plan in the best interest of its participants including the Plaintiff's decedent, David.

31.   Pursuant to the terms and conditions of the life insurance employee benefit plan, the Defendants owed certain duties and obligations to David and the Plaintiff.

32.   The life insurance contract issued by the Defendants to the Plaintiff's decedent, David, calls for payment of certain life insurance benefits to the Plaintiff in the event of David's death.

33.   Plaintiff has submitted to the Defendants proof of her entitlement to life insurance benefits and the Plaintiff has substantially complied with the terms and conditions of the plan.

AMENDED COMPLAINT - 11

MOSCHETTO & KOPLIN

Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

34.     Despite the substantial compliance with the terms and conditions of the plan by the Plaintiff, the Defendants have failed and refused to provide her with the life insurance benefits called for under the terms of the plan.

35.     Accordingly, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, the Plaintiff is entitled to such life insurance benefits under the plan and to such other and further relief in favor of the Plaintiff as this Court deems equitable, just and appropriate, including but not limited to awarding to the Plaintiff her reasonable attorneys' fees and costs.

36.     Defendants owed a duty to David and the Plaintiff and other similarly situated persons to be aware of persons for or from whom the Defendants were accepting life insurance premiums and to not accept premiums for or from persons who were not actually eligible for life insurance coverage.

37.     Defendants:

(a)     accepted premiums from David for life insurance coverage, giving him and the Plaintiff reason to believe that such coverage was in place for which the Defendants later said David was not eligible;

(b)     failed to notify David of the requirement to which David had to adhere in order to get life insurance coverage;

(c)     failed to ensure that David adhered to the requirement of the plan so that he had the life insurance coverage which Defendants had promised him;

AMENDED COMPLAINT - 12

MOSCHETTO & KOPLIN

Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

(d)      did not know how the life insurance plan operated so as to properly advise David of David's status in the plan so that David could make intelligent decisions about preserving his eligibility for life insurance coverage;

(e)      failed to properly advise David as to his rights and status under the plan and the eligibility requirement of the plan;

(f)      failed to properly advise David and Plaintiff about the terms of his life insurance coverage, including the opportunity for David to obtain Accelerated Death Benefits due to his terminal illness; and

(g)      failed to advise David and Plaintiff that the life insurance coverage for which the Defendants had enrolled David and had accepted premiums from David had terminated and of his right to pursue coverage through extension of benefits for total disability or conversion to an individual policy.

38.      As a direct and proximate result of the above-referenced acts and omissions of the Defendants, the Plaintiff and David Meunier had reason to think that he had life insurance coverage prior to David beginning treatment for his medical condition.

39.      David was harmed and the Plaintiff was harmed by the Defendants' acts and omissions.

40.      The Defendants accepted premiums from David for life insurance coverage, misleading him to believe that such coverage was in place.

41.      David relied to his detriment on these acts and omissions of the Defendants indicating that he had satisfied the continuous service requirement and had become covered for life insurance by the plan.

AMENDED COMPLAINT - 13

MOSCHETTO & KOPLIN

Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

42.     The Defendants made material misrepresentations by commission or by omission to David Meunier upon which he relied to his detriment and such that the Defendants now contend there was no life insurance coverage in place at the time of his death.

43.     The Plaintiff respectfully requests that the Court award her such appropriate equitable surcharge or such other appropriate relief in the Plaintiff's favor against the Defendants as the Court deems equitable and just.

44.     As a direct and proximate result of the Defendants' breaches of their fiduciary duties and, alternatively, of their wrongful denial of employee benefits, under ERISA as specified above, after David died he did not receive the life insurance coverage which he believed he maintained.  His surviving wife, Plaintiff Mary Jane Meunier, is the beneficiary of the life insurance coverage provided to David by the plan and she is the court-appointed personal representative of his estate.   Therefore, the Plaintiff has standing to sue the Defendants pursuant to ERISA § 502, 29 U.S.C. § 1132.

45.     As a direct and proximate result of the above-referenced inequitable conduct and breaches of ERISA of fiduciary duty by the Defendants, David was denied life insurance coverage and the Plaintiff, his widow-beneficiary, has been denied ERISA employee benefits to which he and she are entitled.

46.     Plaintiff respectfully requests that this Court consider these facts and circumstances and find that Defendants breached their ERISA fiduciary duties as set forth above and that the Court fashion appropriate equitable relief, including, but not limited to, equitable surcharge, in favor of the Plaintiff under ERISA § 502(a)(2) or (a)(3), 29

AMENDED COMPLAINT - 14

Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

MOSCHETTO &
KOPLIN

U.S.C. § 1132(a)(2) or (a)(3) or any other applicable provision of ERISA § 502, 29 U.S.C. § 1132. Potential equitable remedies for the Plaintiff under ERISA include but are not limited to: (1) finding that the Defendants are bound to provide life insurance coverage for David and the Plaintiff under equitable surcharge estoppel and waiver theories, or other relevant equitable theories in light of Defendants' acts and omissions in failing to explain the plan terms for eligibility, for accepting premiums for life insurance coverage which gave David or Mary Jane reason to believe that such coverage was in effect, and for failing to provide David or Mary Jane with appropriate and timely information to perfect a claim for life insurance benefits under the Accelerated Death Benefits feature of the plan or a claim for extended coverage under the Permanent and Total Disability feature of the plan, or to enable David to convert to a policy of individual life insurance coverage; (2) finding that the Defendants must provide the Plaintiff with life insurance coverage pursuant to Washington state law which is not preempted by ERISA; and/or (3) finding that the Plaintiff is entitled to life insurance conversion coverage for her deceased husband, David, based upon a "make whole" or other equitable theory which would put the parties back in the position they would have been in but for the Defendants' breaches of their fiduciary duties under ERISA.

47.     Plaintiff respectfully requests that the Court structure such equitable surcharge and other equitable relief in her favor as may be appropriate pursuant to ERISA § 502(a)(2)-(3), 29 U.S.C. § 1132(a)(2)-(3), or any other applicable section of ERISA's remedial provisions in ERISA § 502, 29 U.S.C. § 1132 as the Court may deem appropriate under these facts and circumstances.

AMENDED COMPLAINT - 15



Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

48.     Further, the Plaintiff respectfully requests that the Court award her reasonable attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g) and such other relief in her favor as the Court deems equitable, just and proper.

## SECOND CLAIM FOR RELIEF

**(Interference With Protected Rights Under ERISA § 510, 29 U.S.C. § 1140)**

49.     Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth below.

50.     In the alternative, Defendant GHC interfered with David Meunier's ability to attain eligibility for life insurance coverage by (a) failing to properly apprise David of the work service requirement for eligibility, and (b) by preventing David from working following his initial surgery, when he had been released by his physician to return to work.

51.     Plaintiff respectfully requests that the Court award such equitable relief in her favor as may be appropriate pursuant to ERISA § 502(a)(2)-(3), 29 U.S.C. § 1132(a)(2)-(3), or pursuant to any other applicable section of the remedial provisions in ERISA § 502, 29 U.S.C. § 1132 as the Court may find appropriate under these facts and circumstances.

52.     Further, the Plaintiff respectfully requests that the Court award to Plaintiff her reasonable attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and award such other judicial relief in her favor as the Court finds equitable, just and appropriate.

AMENDED COMPLAINT - 16



Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

1

## **PRAYER FOR RELIEF**

2

WHEREFORE, Plaintiff Mary Jane Meunier respectfully requests that the Court:

3

(1) find that the Defendants GHC and Aetna breached their fiduciary duties pursuant to

4

ERISA as set forth above and that the Court structure an appropriate equitable remedy,

5

including, but not limited to, equitable surcharge, in favor of the Plaintiff as allowed by

6

any applicable provision of ERISA § 502, 29 U.S.C. § 1132 and/or ERISA § 510, 29

7

U.S.C. § 1140, and award to the Plaintiff her reasonable attorneys' fees and costs

8

pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and (2) award such other and further

9

relief in favor of the Plaintiff and against the Defendants GHC and Aetna as the Court

10

deems equitable, just and appropriate.

11

12

Date:  October ___, 2013

13

s/ Joseph L. Koplin
Joseph L. Koplin #7683
MOSCHETTO KOPLIN, INC., P.S.
1800 112th Avenue NE, Suite 300E
Bellevue, WA 98004-2954
(425) 641-6000
(425) 641-1745 (facsimile)
E-mail:  joe@moschettokoplin.com
Attorneys for Plaintiff

14

15

16

17

18

19

s/ Jeffrey P. Clark
WI State Bar ID No. 1009316
REINHART BOERNER VAN DEUREN s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
(414) 298-8131
(414) 298-8097 (facsimile)
E-mail:  jclark@reinhartlaw.com
Attorneys for Plaintiff

20

21

22

23

24

25

AMENDED COMPLAINT - 17

MOSCHETTO &
KOPLIN

Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

# Wisconsin Circuit Court Access (WCCA)

## In the Estate of David A Meunier

## Waukesha County Case Number 2013PR000389

### Court Record Events

| | Date | Event | Court Official | Court Reporter |
|---|---|---|---|---|
| 1 | 08-30-2013 | Notice of estate administration deadlines | Lunde, Sally Mohr | |
| 2 | 08-30-2013 | Domiciliary letters issued | Lunde, Sally Mohr | |
| | | **Additional Text:** | | |
| | | Mary Jane Meunier | | |
| 3 | 08-30-2013 | Statement of informal administration | Lunde, Sally Mohr | |
| 4 | 08-30-2013 | Notice to creditors | Lunde, Sally Mohr | |
| | | **Additional Text:** | | |
| | | claims deadline 12/3/13 | | |
| 5 | 08-30-2013 | Consent to serve as personal representative | | |
| 6 | 08-30-2013 | Waiver and consent | | |
| 7 | 08-30-2013 | Proof of heirship | | |
| 8 | 08-30-2013 | Will | | |
| | | **Additional Text:** | | |
| | | 2 pages | | |
| 9 | 08-30-2013 | Application for informal probate | Lunde, Sally Mohr | |
| 10 | 04-18-2010 | Date of death | | |



Generated on 09-03-2013 at 09:13 am

STATE OF WISCONSIN          CIRCUIT COURT          WAUKESHA COUNTY          *For Official Use Only*

| | | |
|---|---|---|
| In the Estate of David A Meunier | **Notice of Estate Administration Deadlines**<br><br>Case No. 2013PR000389 | **FILED**<br>08-30-2013<br>Register in Probate<br>Waukesha County |

NATHAN A JOHNSON
REINHART BOERNER VAN DEUREN, S.C.
1000 NORTH WATER ST #1700
PO BOX 2965
MILWAUKEE WI  53201-2965

**PLEASE TAKE NOTICE:**

1. The inventory of the estate assets at the date of death must be filed or exhibited by **March 4, 2014.** The inventory must be filed for formal administration, or filed or exhibited for informal administration, within this time frame.

   **Note:** The statutory filing fee of .002 of the net value of the property subject to administration must be included with the Inventory.

2. In order to achieve State of Wisconsin benchmarks, administration of the estate should be completed by **September 2, 2014.**

3. If the deadlines cannot be met, the personal representative and attorney, if any, shall petition the court for an extension of the deadlines. The court may grant an extension of time to file if you provide the court with a completed form PR-1833, Petition for Extension of Time.

4. Failure to meet any deadline established by this notice, or any extension granted by the court, will result in the personal representative and attorney, if any, being required to appear in court to show cause as to why the personal representative and/or attorney should not be removed or other sanctions imposed.

ISSUED BY:

Electronically signed by Sally Mohr Lunde
☐ Circuit Court Judge   ☐ Circuit Court Commissioner   ☑ Probate Registrar

August 30, 2013
Date

**Distribution:**

Court Original
Nathan A Johnson
Mary Jane Meunier



EXHIBIT
"B"

PR-1832(CCAP), 10/2010 Notice of Estate Administration Deadlines                §§ 858.01, 863.33, 863.35 and 865.16, Wisconsin Statutes
This form shall not be modified.  It may be supplemented with additional material.

MJM0000568



STATE OF WISCONSIN, CIRCUIT COURT, _____ WAUKESHA _____ COUNTY | For Official Use

IN THE MATTER OF THE ESTATE OF

☐ Amended

**Domiciliary Letters**
☒ Informal Administration
☐ Formal Administration

DAVID A. MEUNIER

Deceased

Case No. 2013PR389

To:   Mary Jane Meunier
       133 W. Oregon Street, No. 207
       Milwaukee, WI 53204

The decedent, with date of birth __April 4, 1960__ and date of death __April 18, 2010__
was domiciled in __Waukesha__ County, State of __Wisconsin__

You are granted domiciliary letters with general powers and duties of a personal representative.

You are authorized to administer the estate as required by law.

Other: _____

_(Seal)_                    LETTERS ISSUED BY:

/s/

☐ Circuit Court Judge  ☐ Circuit Court Commissioner  ☒ Probate Registrar  _Deputy_

MARY OLSZEWSKI
Name Printed or Typed

8/30/13
Date

**FILED**
AUG 3 0 2013
PROBATE COURT
WAUKESHA COUNTY - 7

Form completed by:  (Name)
Nathan K. Johnson, Esq.
Address
c/o Reinhart Boerner Van Deuren s.c., Suite 1700
1000 North Water Street, Milwaukee, WI 53202

| Telephone Number | Bar Number (if any) |
|---|---|
| 414-298-8273 | 1046645 |

PR-1810, 10/10 Domiciliary Letters (Informal Administration and Formal Administration)        §§858.21 and 865 08, Wisconsin Statutes
**This form shall not be modified. It may be supplemented with additional material.**
10179499



EXHIBIT
"C"

MJM0000569



STATE OF WISCONSIN, CIRCUIT COURT, _____ **WAUKESHA** ___ COUNTY   *For Official Use*

IN THE MATTER OF THE ESTATE OF

DAVID A. MEUNIER,

Deceased

☐ Amended

**Statement of
Informal Administration**

Case No. *2013PR389*

An application for informal administration was filed.

**THE PROBATE REGISTRAR FINDS:**

1. The application is complete, including verification.
2. The applicant is an interested person.
3. The court has jurisdiction and is the proper venue.
4. The requests and consents regarding use of informal administration are complete and notice was
   ☐ given to all persons entitled to notice.
   ☒ waived.
5. The decedent died on (Date) *4-18-2010* _____, leaving
   ☐ A. no will.
   ☒ B. a will dated *June 11, 2004* _____;   codicil(s) (if any) dated _____; that
       ☐ was/were in possession of the court
       ☒ accompanied the application
       ☐ was/were probated elsewhere and an authenticated copy accompanies the application
   and is a valid uncontested document(s) executed in compliance with the statutes and does not expressly
   prohibit informal administration.
6. The nominated personal representative(s) *Mary Jane Meunier*

   is/are not disqualified by law or otherwise deemed unsuitable.
7. ☒ No administration is pending either before the court or in another jurisdiction, OR
   ☐ Administration is pending either before the court or in another jurisdiction and no demand was made for
       formal administration.  Proof of probate accompanies the application.
☐ 8. Other: _____

**THE PROBATE REGISTRAR STATES:**

1. The application for informal administration is granted.
☒ 2. The will dated *June 11, 2004* _____ is admitted.
☐ 3. The codicil(s) (if any) dated _____
4. Domiciliary letters are issued to *Mary Jane Meunier*
   ☒ and no bond is required.
   ☐ upon filing and acceptance of ☐ a signature bond. ☐ a surety bond in the sum of $ _____
☐ 5. Letters of trust are issued to _____
   for the following trust: _____
   ☐ and no bond is required.
   ☐ upon filing and acceptance of ☐ a signature bond. ☐ a surety bond in the sum of $ _____
☐ 6. Other: _____

☐ **See attached for any additional trusts.**

FILED

AUG 30 2013

is/are admitted.
PROBATE COURT
WAUKESHA COUNTY - 7

Form completed by: (Name)
Nathan K. Johnson, Esq.
Address
c/o Reinhart Boerner Van Deuren s.c., Suite 1700
1000 North Water Street, Milwaukee, WI 53202

| Telephone Number | Bar Number (if any) |
| --- | --- |
| 414-298-8273 | 1046645 |

/s/

*Deputy*
Probate Registrar
*MARY OLSZEWSKI*
Name Printed or Typed

*8/30/13*
Date

PR-1808, 10/10 Statement of Informal Administration
**This form shall not be modified. It may be supplemented with additional material.**

§853.04 and  Chapters 865 and 879, Wisconsin Statutes

10179505

**EXHIBIT**

tabbies  *"D"*_____

MJM0000570



STATE OF WISCONSIN, CIRCUIT COURT, WAUKESHA                                    COUNTY | For Official Use

IN THE MATTER OF THE ESTATE OF                                   ☐ Amended

DAVID A. MEUNIER,                                                **Consent to Serve**
                                                                 ☒ Informal Administration
Deceased                                                         ☐ Formal Administration

                                                     Case No. 2013 PR 389

1. I consent to serve as  ☒ personal representative  ☐ special administrator   of this estate.
   I accept the duties, submit personally to the jurisdiction of the court in any proceeding relating to the estate
   that may be instituted by any interested person and agree to be bound by the laws of Wisconsin.

2. I will file any required bond.

☐ 3. I am a nonresident of Wisconsin.

   I appoint (Name) _____ as resident agent to accept service of process.

                                          ► Mary Jane Meunie
                                                            Signature
                                          Mary Jane Meunier
                                                     Name Printed or Typed
                                          413 North 2nd Street, Unit 640   133 W. Oregon St. #207
                                                            Address
                                          Milwaukee, WI 53203   53204   MJM

                                          414-510-8283
                                                       Telephone Number
                                          8-29-13
                                                          Date

**FILED**
**COPY**
AUG 30 2013

PROBATE COURT
WAUKESHA COUNTY - 7

---

### Acceptance by Resident Agent

I accept appointment as resident agent for this estate to accept service of process.

                                          ►
                                                        Resident Agent

                                                     Name Printed or Typed

                                                            Address

                                                       Telephone Number

                                                          Date

Form completed by: (Name)
Nathan K. Johnson, Esq.
Address
1000 N. Water Street, Suite 1700
Milwaukee, WI 53202

| Telephone Number | Bar Number (if any) |
|---|---|
| 414-298-8273 | 1046645 |

PR-1807, 10/10 Consent to Serve (Informal, Formal, and Special Administration)          §§856.23, 865.08(2), 867.17, 879.67, Wisconsin Statutes
                        This form shall not be modified. It may be supplemented with additional material.


EXHIBIT
"E"

MJM0000571

COPY *For Office Use*

STATE OF WISCONSIN, CIRCUIT COURT, _____ WAUKESHA _____ COUNTY

IN THE MATTER OF THE ESTATE OF

DAVID A. MEUNIER,

Deceased

☐ Amended

**Notice to Creditors**

(Informal Administration)

Case No. _2013PR389_

**PLEASE TAKE NOTICE:**

1. An application for informal administration was filed.

2. The decedent, with date of birth _April 4, 1960_ and date of death _April 18, 2010_, was domiciled in _Waukesha_ County, State of _Wisconsin_ with a mailing address of _2000 Tallgrass Circle, Waukesha, WI 53188_.

3. All interested persons waived notice.

4. The deadline for filing a claim against the decedent's estate is (Date) _December 3, 2013_.

5. A claim may be filed at the _Waukesha_ County Courthouse, _Waukesha_, Wisconsin, Room _C-380_.

/s/ Probate Registrar
_Deputy_
MARY OLSZEWSKI
Name Printed or Typed

_8/30/13_
Date

Form completed by: (Name)
Nathan K. Johnson, Esq.

Address

c/o Reinhart Boerner Van Deuren s.c., Suite 1700
1000 North Water Street, Milwaukee, WI 53202

| Telephone | Bar Number (If any) |
|---|---|
| 414-298-8273 | 1046645 |

FILED

AUG 30 2013

PROB...
WAUKESHA COUNTY - 7

**DO NOT PRINT the following text when publishing this notice.**
**Notice to Newspaper and Personal Representative:**
Notice must be given by publication of this notice in the following newspaper: _Waukesha Freeman_ once a week for three consecutive weeks; the first publication date must be within 15 days from the date of this notice.

The personal representative is responsible for providing the deadline for filing a claim against the decedent's estate to all known or reasonably ascertainable creditors.

PR-1804, 10/10 Notice to Creditors (Informal Administration)     §§859.01, 859.07, 865.05, 879.03 and 879.05, Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

10179503

**EXHIBIT**
tabbies
"F"

MJM0000572

COPY *For Official Use*

STATE OF WISCONSIN, CIRCUIT COURT, WAUKESHA      COUNTY

IN THE MATTER OF THE ESTATE OF

DAVID A. MEUNIER,

Deceased

☐ Amended

**Proof of Heirship**
☒ Informal Administration
☐ Formal Administration

Case No. *2013PR389*

## UNDER OATH, I ANSWER THE FOLLOWING QUESTIONS:

1. What is your name, mailing address and relationship to the decedent?

| Name | Mailing Address | Relationship |
|------|-----------------|--------------|
| Mary Jane Meunier | 133 W. Oregon St. #207<br>Milwaukee, WI 53204 | Wife |

2. Was the decedent survived by a spouse or domestic partner?      ☒ Yes   ☐ No
   If YES, give name: _____

3. A. Did the decedent have any children? (Living or deceased; natural or adopted.)   ☒ Yes   ☐ No
      If YES, list all names. (If deceased, indicate date of death.)   ☐ See attached

| Name of Decedent's Children | If Deceased, Date of Death |
|-----------------------------|----------------------------|
| Amanda J. Meunier<br>Lauren J. Meunier<br>Olivia Meunier | |

   B. For each deceased child listed in 3A., list his or her name and the names of his or her children (Living or deceased; natural or adopted.)  If any of his or her children are deceased, indicate the date of death of that child and the names of his or her descendants. (Living or deceased; natural or adopted.)   ☐ See attached

| Name of Deceased Child in (3A) | Name of Deceased Child's Child(ren) | Date of Death |
|--------------------------------|-------------------------------------|---------------|
| N/A | | |

4. If there is a surviving spouse or domestic partner, are all of the decedent's children listed in 3A., also the children of the surviving spouse or domestic partner?   ☒ Yes   ☐ No
   If NO, give details: _____

> **Instructions**
> Are there living persons listed in answers to questions 2. through 4.?
> • If Yes, skip to question 8.
> • If No, continue with question 5.

5. Did the decedent leave surviving parents?      ☐ Yes   ☐ No
   If YES, list names.

| Name |
|------|
| N/A |

FILED
AUG 3 0 2013
PROBATE COURT
WAUKESHA COUNTY - 7

PR-1806, 10/10 Proof of Heirship (Informal Administration and Formal Administration)     §§852.01, 854.03 and 863.23, Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.
Page 1 of 2


EXHIBIT
"G"

MJM0000573

Proof of Heirship (Informal Administration and Formal Administration)     Page 2 of 2          Case No. _____

**6.**  **A.**  If no surviving parent, did the decedent have brothers or sisters? (Living or deceased; whole blood, half blood, adopted)   ☐ No   ☐ Yes

If YES, list all names. (If deceased, indicate date of death.)

| Name of Decedent's Brothers or Sisters | If Deceased, Date of Death |
|---|---|
|  |  |
|  |  |

**B.**  For each deceased brother or sister listed in 6A., list his or her name and the names of his or her children (Living or deceased; natural or adopted). If any of his or her children is deceased, indicate the date of death of that child and the names of his or her descendants. (Living or deceased; natural or adopted)     ☐ See attached

| Name of Deceased Brother or Sister in (6A) | Date of Death | Name of Deceased Brother's or Sister's Children |
|---|---|---|
|  |  |  |
|  |  |  |

**7.**  If there are **no living persons** listed in questions 2. through 6B., list names of maternal (mother) and paternal (father) grandparents and the descendants of any deceased grandparent and whether the person is living or deceased. Please continue listing children of deceased persons until a living person is named.     ☐ See attached

| MATERNAL (Mother) | | PATERNAL (Father) | |
|---|---|---|---|
| Grandfather: | | Grandfather: | |
| Grandmother: | | Grandmother: | |
| Descendants: | | Descendants: | |

**8.**  Did any of the persons named in 2. through 7. die within 120 hours (5 days) after the death of the decedent?   ☒ No   ☐ Yes

If YES, list name(s), date of death and descendant(s).

| Name | Date of Death | Descendant(s) |
|---|---|---|
|  |  |  |

State of _Wisconsin_
County of _Milwaukee_
Subscribed and sworn to before me on _8/29/13_

_Susan B. Mixdorf_ (signature)
Notary Public/Court Official

_Susan B. Mixdorf_
Name Printed or Typed

My commission/term expires: _7/27/15_

▶ _Mary Jane Meunier_ (signature)
Signature

_Mary Jane Meunier_
Name Printed or Typed

_414-510-8283_
Telephone Number

_8-29-13_
Date

Form completed by: (Name)
Nathan K. Johnson, Esq.

Address
c/o Reinhart Boerner Van Deuren s.c.
1000 N. Water St. Suite 1700
Milwaukee, WI 53202

| Telephone Number | Bar Number (if any) |
|---|---|
| 414-298-8273 | 1046645 |

NOTARY PUBLIC
SUSAN B.
MIXDORF
STATE OF WISCONSIN

PR-1806, 10/10 Proof of Heirship (Informal Administration and Formal Administration)          §§852.01, 854.03 and 863.23, Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.
Page 2 of 2

MJM0000574



STATE OF WISCONSIN, CIRCUIT COURT, _____ WAUKESHA _____ COUNTY | For Official Use

IN THE MATTER OF THE ESTATE OF

DAVID A. MEUNIER,

□ Amended

**Waiver and Consent**
(Informal Administration)

Deceased

Case No. 2013 PR 389

1. I am by law an interested person in this estate.
2. I am not a minor.
3. I have not been found incompetent and I do not have a guardian.
4. I waive any further notice of the hearing on the application for informal administration. I enter my appearance in this matter, and consent to the requests made in the application for informal administration.
5. I have received a list of all interested persons, and (Choose one)
   ☒ a copy of the will dated June 11, 2004   and codicil(s) (if any), dated _____.
   □ a notice of the nature and amount of the bequest contained in the will dated _____   or codicil(s) (if any), dated _____.
   □ decedent died leaving no will.
☒ 6. I consent to the admission of the will dated June 11, 2004   and codicil(s) (if any), dated _____ in this estate.
7. I consent to the appointment of Mary Jane Meunier _____ as personal representative(s) in this estate.
□ 8. Other: _____

| Name Printed or Typed | Signature | Date |
|---|---|---|
| Mary Jane Meunier | *Mary Jane Meunier* | 8-29-13 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Form completed by: (Name)
Nathan K. Johnson, Esq.

Address
c/o Reinhart Boerner Van Deuren s.c., Suite 1700
1000 North Water Street, Milwaukee, WI 53202

| Telephone | Bar Number (if any) |
|---|---|
| 414-298-8273 | 1046645 |

FILED
AUG 30 2013
PROBATE COURT
WAUKESHA COUNTY - 7

PR-1803, 10/10 Waiver and Consent (Informal Administration)     Chapter 865, §§851.21, 879.09, Wisconsin Statutes
**This form shall not be modified. It may be supplemented with additional material.**

10179500



EXHIBIT
"H"

MJM0000575



STATE OF WISCONSIN, CIRCUIT COURT, \_\_\_\_\_ **WAUKESHA** \_\_\_\_ COUNTY | *For Official Use*

IN THE MATTER OF THE ESTATE OF

☐ Amended

**Application for
Informal Administration**

DAVID A. MEUNIER,

Deceased

Case No. 2013PR389

UNDER OATH, I STATE:

1. The decedent, with date of birth **April 4, 1960** and date of death **April 18, 2010**
   was domiciled in **Waukesha** County, State of **Wisconsin**, with a mailing
   address of **2000 Tallgrass Circle, Waukesha, Wisconsin 53188**

2. I am interested as **surviving spouse, sole beneficiary & nominated personal representative**

3. Other proceedings concerning the estate of the decedent ☐ are ☒ are not pending in this state or elsewhere.
   Explain: _____

4. The estimated net value of decedent's property requiring administration is $ **over $50,000**

5. The decedent
   ☐ did ☒ did not receive Medical Assistance/Medicaid.
   ☐ did ☒ did not receive Family Care and/or Partnership benefits (through a Managed Care Organization –
   MCO/CMO).
   ☐ did ☒ did not receive benefits from the Community Options Program (COP).
   ☐ did ☒ did not receive benefits from Wisconsin Chronic Disease Program.
   ☐ was ☒ was not a patient or inmate of a state or county hospital or institution, or
   responsible for any person owing an obligation to the state or county.
   Explain: _____
   ☐ I lack information to complete this section.

6. If the decedent was ever married, complete the following: (If more than one spouse ☐ See attached.)
   Name of spouse (☒ living or ☐ deceased) **Mary Jane Meunier**
   ☒ Married to decedent ☐ Divorced from decedent at time of decedent's death.
   The spouse ☐ did ☒ did not receive benefits from the Community Options Program (COP).
   The spouse ☐ did ☒ did not receive benefits from the Wisconsin Chronic Disease Program.
   ☐ I lack information to complete this section.

*(Complete question 7 OR 8 below, whichever is applicable.)*

☒ 7. The decedent died leaving a
   ☒ will, dated **June 11, 2004**.  ☐ codicil(s) (if any), dated _____

   FILED
   AUG 3 0 2013
   PROBATE COURT
   WAUKESHA COUNTY - 7

   I believe these documents were executed properly and are valid.  I made diligent inquiry and am unaware of any
   revocation by decedent.

   The original will, including any codicil(s),
   ☐ is in the possession of the court.
   ☒ accompanies this application.
   ☐ was probated elsewhere and an authenticated copy accompanies this application.

   The personal representative(s) named by the decedent in the will and/or any codicil is:
   Name(s) **Mary Jane Meunier**
   I nominate **Mary Jane Meunier** to serve as personal representative(s).

   The trustee(s) named by the decedent in the will and/or codicil is:
   Name(s) _____
   I nominate _____ to serve as trustee(s).

PR-1801, 10/10 Application for Informal Administration                                §§851.21, 856.09, 865.06 and 879.01, Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.
Page 1 of 2



EXHIBIT
"I"

MJM0000576

Application for Informal Administration          Page 2 of 2          Case No. _____

☐ 8. I made diligent inquiry and am unaware of any unrevoked will of the decedent and believe that the decedent died leaving no will.
I nominate _____ to serve as personal representative(s).

9. The names and mailing addresses of all interested persons are:
(For any person with disabilities, also list any guardian of estate; for any person in the military, also list attorney or attorney in fact; and for any minor, list date of birth.)                                                    ☐ See attached

| Name | Relationship (e.g. Heir, Beneficiary, Fiduciary) | Mailing Address | If Minor, Date of Birth |
|---|---|---|---|
| Mary Jane Meunier | Spouse | ~~413 N. 2nd St., Unit 640~~ 133 W. Oregon St #207 ~~Milwaukee, WI 53203~~ Milwaukee, WI 53204 mjm | |

☐ 10. Other: _____

I REQUEST:
1. A statement of informal administration be issued.

☒ 2. The will, including any codicil(s), be admitted to informal administration.

3. Domiciliary letters be issued to   Mary Jane Meunier

☐ 4. Letters of trust be issued to
for the following trust: _____

Letters of trust be issued to
for the following trust: _____

☐ 5. Other: _____

State of _Wisconsin_
County of _Milwaukee_
Subscribed and sworn to before me on : 8/29/13
_Susan B. Mixdorf_
Notary Public/Court Official
_SUSAN B. MIXDORF_
Name Printed or Typed
My commission/term expires: _7/27/15_

Applicant: _Mary Jane Meunier_
Mary Jane Meunier
Name Printed or Typed
~~413 N. 2nd St., Unit 640~~ 133 W. Oregon St. #207 mjm.
Address
Milwaukee, WI ~~53203~~ 53204
414  510-8283
Telephone Number
8-29-13
Date

Form completed by: (Name)
Nathan K. Johnson, Esq.
Address
c/o Reinhart Boerner Van Deuren s.c., Suite 1700
1000 North Water Street, Milwaukee, WI 53202
Telephone: 414-298-8273     Bar Number (if any): 1046645

[Notary seal: NOTARY PUBLIC / SUSAN B. MIXDORF / STATE OF WISCONSIN]

851.21, 856.09, 865.06 and 879.01, Wisconsin Statutes

PR-1801, 10/10 Application for Informal Administration
**This form shall not be modified. It may be supplemented with additional material.**
Page 2 of 2

10179493

MJM0000577

To: HR Service Center - GHC
Fax number: 206-877-0699

From: David A. Meunier
Number Pages Including Cover:

Date: DATE12/11/2008

Regarding:
Medical release form to conduct work

Phone number for follow-up:
262-309-1441

**Comments:**
Required forms from Dr. Mueller providing work release conditions via GHC forms and personal dissertation of my condition.

**Company name**
Street Address
City, State, ZIP Code
Phone Number
Web Site



**David A. Meunier**
2000 Tallgrass Circle
Waukesha, WI 53188
262-524-1673



MJM0000578

| STATE OF WISCONSIN, CIRCUIT COURT, | WAUKESHA | COUNTY | For Official Use |
|---|---|---|---|

IN THE MATTER OF THE ESTATE OF                                    ☐ Amended

DAVID A. MEUNIER,

**Domiciliary Letters**
☒ Informal Administration
☐ Formal Administration

Deceased                                          Case No. 2013PR389

To:   Mary Jane Meunier
      133 W. Oregon Street, No. 207
      Milwaukee, WI 53204

The decedent, with date of birth __April 4, 1960__ and date of death __April 18, 2010__
was domiciled in __Waukesha__ County, State of __Wisconsin__

You are granted domiciliary letters with general powers and duties of a personal representative.

You are authorized to administer the estate as required by law.

Other: _____

STATE OF WISCONSIN    *(Seal)*
COUNTY OF WAUKESHA

I certify that this is a true and correct copy of a
document in the possession of the Register in
Probate for Waukesha County.
Letters are in full force and effect as of this date.
THIS CERTIFICATE IS NOT VALID UNLESS
THE COURT SEAL IS EMBOSSED HEREON.

8-30-13          Mary Olszewski
Date             Mary Olszewski
                 Deputy Register in Probate
                 Deputy Probate Registrar

**LETTERS ISSUED BY:**

*Mary Olszewski*

☐ Circuit Court Judge   ☐ Circuit Court Commissioner   ☒ Probate Registrar *Deputy*

MARY OLSZEWSKI
Name Printed or Typed

8/30/13
Date

| Form completed by:  (Name) |
|---|
| Nathan K. Johnson, Esq |
| Address |
| c/o Reinhart Boerner Van Deuren s.c., Suite 1700 |
| 1000 North Water Street, Milwaukee, WI 53202 |

| Telephone Number | Bar Number (If any) |
|---|---|
| 414-298-8273 | 1046645 |

**FILED**

AUG 3 0 2013

PROBATE COURT
WAUKESHA COUNTY - 7

PR-1810, 10/10 Domiciliary Letters (Informal Administration and Formal Administration)     §§856.21 and 865.08, Wisconsin Statutes
10179499                    **This form shall not be modified. It may be supplemented with additional material.**

**EXHIBIT**
"K"

MJM0000579

EXHIBIT
"L"

# EARNINGS STATEMENT


GroupHealth

Group Health Cooperative
320 Westlake Ave N Suite 100
Seattle, WA 98109-5233

Meunier, David A.          GHQ0115
1400 lake washington blvd n.
A307
Renton, WA 98056

EMPLOYEE # 24269
PAY DATE    11/28/2008
PAY PERIOD
11/09/2008 - 11/22/2008

Your 150% PTO limit is 252.09 hours.

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Code | Hours | Rate | Current Amount | Year To Date | Deduction | Current Amount | Year To Date |
| REG | 80.00 | | 6,140.10 | 6,140.10 | Fed Tax | 950.38 | 950.38 |
| | | | | | Medicare | 85.39 | 85.39 |
| | | | | | Soc Sec | 365.11 | 365.11 |
| | | | | | MedicalP | 251.26 | 251.26 |
| Gross Earnings | | | 6,140.10 | 6,140.10 | Total Deductions | 1,652.14 | |
| Federal Taxable Wages | | | 5,888.84 | 5,888.84 | | | |
| Social Security Taxable Wages | | | 5,888.84 | 5,888.84 | Net Amount | 4,487.96 | |
| Medicare Taxable Wages | | | 5,888.84 | 5,888.84 | | | |
| Employer Benefit Contributions | | | | | Deposit | | |
| | xMedical | | 1,995.58 | 1,995.58 | | | |
| | DC | | 386.83 | 386.83 | | | |
| | | | | | Leave Balances | | |
| | | | | | PTO | | 6.46 |

* this amount represents the total premium which includes the employer contribution and your employee deduction.

EXHIBIT
"M"

## EARNINGS STATEMENT



GroupHealth

Group Health Cooperative
320 Westlake Ave N Suite 100
Seattle, WA 98109-5233

Meunier, David A.          GHQ0115
1400 lake washington blvd n.
A307
Renton, WA 98056

EMPLOYEE # 24269
PAY DATE    12/12/2008
PAY PERIOD
11/23/2008 - 12/06/2008

Your 150% PTO limit is 252.09 hours.

| | EARNINGS | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Code | Hours | Rate | Current Amount | Year To Date | Deduction | Current Amount | Year To Date |
| REG | 1.75 | | 134.31 | 6,274.41 | Fed Tax | | 950.38 |
| UTO | 6.25 | | 479.70 | 479.70 | Medicare | 7.08 | 92.47 |
| LNP | 72.00 | | | | Soc Sec | 30.28 | 395.39 |
| | | | | | MedicalP | 125.63 | 376.89 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Gross Earnings | | | 614.01 | 6,754.11 | Total Deductions | 162.99 | |
| Federal Taxable Wages | | | 488.38 | 6,377.22 | | | |
| Social Security Taxable Wages | | | 488.38 | 6,377.22 | Net Amount | 451.02 | |
| Medicare Taxable Wages | | | 488.38 | 6,377.22 | | | |
| Employer Benefit Contributions | | | | | Deposit | | |
| | *Medical | | 997.79 | 2,993.37 | | | |
| | DC | | 38.68 | 425.51 | | | |
| | | | | | Leave Balances | | |
| | | | | | PTO | | 0.86 |

* this amount represents the total premium which includes the employer contribution and your employee deduction.

EXHIBIT

"N"

## EARNINGS STATEMENT



**GroupHealth**

Group Health Cooperative
320 Westlake Ave N Suite 100
Seattle, WA 98109-5233

Meunier, David A.          GHQ0115
1400 lake washington blvd n.
A307
Renton, WA 98056

EMPLOYEE # 24269
PAY DATE     12/26/2008
PAY PERIOD
12/07/2008 - 12/20/2008

Your 150% PTO limit is 252.09 hours.

| | EARNINGS | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Code | Hours | Rate | Current Amount | Year To Date | Deduction | Current Amount | Year To Date |
| STL | 60.00 | | 4,605.07 | 4,605.07 | Fed Tax | 598.03 | 1,548.41 |
| LNP | 20.00 | | | | Medicare | 64.95 | 157.42 |
| REG | | | | 6,274.41 | Soc Sec | 277.72 | 673.11 |
| UTO | | | | 479.70 | MedicalP | 125.63 | 502.52 |

| | | | |
|---|---|---|---|
| Gross Earnings | 4,605.07 | 11,359.18 | Total Deductions   1,066.33 |
| Federal Taxable Wages | 4,479.44 | 10,856.66 | |
| Social Security Taxable Wages | 4,479.44 | 10,856.66 | Net Amount        3,538.74 |
| Medicare Taxable Wages | 4,479.44 | 10,856.66 | |
| Employer Benefit Contributions | | | Deposit |
| *Medical | 997.79 | 3,991.16 | |
| DC | | 425.51 | |
| | | | Leave Balances |
| | | | PTO                    4.09 |

* this amount represents the total premium which includes the employer contribution and your employee deduction.

**EXHIBIT**

## EARNINGS STATEMENT


GroupHealth

Group Health Cooperative
320 Westlake Ave N Suite 100
Seattle, WA 98109-5233

GHQ0115

Meunier, David A.
1400 lake washington blvd n.
A307
Renton, WA 98056

EMPLOYEE # 24269
PAY DATE   01/09/2009
PAY PERIOD
12/21/2008 - 01/03/2009

Your 150% PTO limit is 252.09 hours.

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Code | Hours | Rate | Current Amount | Year To Date | Deduction | Current Amount | Year To Date |
| GFT |  |  | 2,131.80 | 2,131.80 | Fed Tax | 68.78 | 68.78 |
| GTL |  |  | 16.50 | 16.50 | Medicare | 139.43 | 139.43 |
| REIMB |  |  | -4,397.46 | -4,397.46 | Soc Sec | 596.18 | 596.18 |
| STL | 40.00 |  | 3,070.05 | 3,070.05 |  |  |  |
| TMA |  |  | 4,397.46 | 4,397.46 |  |  |  |
| LNP | 40.00 |  |  |  |  |  |  |

*Group-Term Life ?*

GroupHealth

| | | | | | | |
|---|---|---|---|---|---|---|
| Gross Earnings | 5,218.35 | 5,218.35 | Total Deductions | 804.39 | |
| Federal Taxable Wages | 9,615.81 | 9,615.81 | | | |
| Social Security Taxable Wages | 9,615.81 | 9,615.81 | Net Amount | 0.00 | |
| Medicare Taxable Wages | 9,615.81 | 9,615.81 | | | |

| Employer Benefit Contributions | | | Deposit | |
|---|---|---|---|---|
| Dental | 60.67 | 60.67 | | |
| AD&DBase | 1.44 | 1.44 | | |
| LifeBase | 8.56 | 8.56 | | |
| *Medical | 1,029.42 | 1,029.42 | | |
| | | | Leave Balances | |
| | | | PTO | 7.32 |

* this amount represents the total premium which includes the employer contribution and your employee deduction.

EXHIBIT

P

# EARNINGS STATEMENT



**GroupHealth**

Group Health Cooperative
320 Westlake Ave N Suite 100
Seattle, WA 98109-5233

GHQ0115

Meunier, David A.
1400 lake washington blvd n.
A307
Renton, WA 98056

EMPLOYEE # 24269
PAY DATE    01/09/2009
PAY PERIOD
12/21/2008 - 01/03/2009

Your 150% PTO limit is 252.09 hours.

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Code | Hours | Rate | Current Amount | Year To Date | Deduction | Current Amount | Year To Date |
| REIMB | | | 4,485.09 | 87.63 | Fed Tax | 1,844.41 | 1,913.19 |
| GFT | | | | 2,131.80 | Medicare | | 139.43 |
| GTL | | | | 16.50 | Soc Sec | | 596.18 |
| LNP | | | | | SuppLife | 39.62 | 39.62 |
| STL | | | | 3,070.05 | Pers Acc | 2.25 | 2.25 |
| TMA | | | | 4,397.46 | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Gross Earnings** | | | 4,485.09 | 9,703.44 | Total Deductions | 1,886.28 | |
| **Federal Taxable Wages** | | | 0.00 | 9,615.81 | | | |
| **Social Security Taxable Wages** | | | 0.00 | 9,615.81 | Net Amount | 2,598.81 | |
| **Medicare Taxable Wages** | | | 0.00 | 9,615.81 | | | |

| Employer Benefit Contributions | | Deposit | |
|---|---|---|---|
| Dental | 60.67 | | |
| AD&DBase | 1.44 | | |
| LifeBase | 8.56 | | |
| *Medical | 1,029.42 | | |
| | | Leave Balances | |
| | | PTO | 7.32 |

* this amount represents the total premium which includes the employer contribution and your employee deduction.

**EARNINGS STATEMENT**

EXHIBIT
Q



GroupHealth

Group Health Cooperative
320 Westlake Ave N Suite 100
Seattle, WA 98109-5233

0200T05

GHQ0115

Meunier, David A.
1400 lake washington blvd n.
A307
Renton, WA 98056

EMPLOYEE # 24269
PAY DATE   01/23/2009
PAY PERIOD
01/04/2009 - 01/17/2009

Your 150% PTO limit is 252.09 hours.

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Code | Hours | Rate | Current Amount | Year To Date | Deduction | Current Amount | Year To Date |
| STL | 40.00 | | 3,070.05 | 6,140.10 | Fed Tax | 258.94 | 2,152.67 |
| GFT | | | | 2,131.80 | Medicare | 42.63 | 180.18 |
| GTL | | | | 16.50 | Soc Sec | 182.30 | 770.44 |
| LNP | 40.00 | | | | MedicalP | 129.71 | 259.42 |
| MTX | | | | 4,397.46 | SuppLife | 39.62 | 79.24 |
| REIMB | | | | 87.63 | Pers Acc | 2.25 | 4.50 |

| | Current | Year To Date | | |
|---|---|---|---|---|
| **Gross Earnings** | 3,070.05 | 12,773.49 | **Total Deductions** | 655.45 |
| **Federal Taxable Wages** | 2,940.34 | 12,426.44 | | |
| **Social Security Taxable Wages** | 2,940.34 | 12,426.44 | **Net Amount** | 2,414.60 |
| **Medicare Taxable Wages** | 2,940.34 | 12,426.44 | | |

| **Employer Benefit Contributions** | | | **Deposit** | |
|---|---|---|---|---|
| Dental | 60.67 | 121.34 | | |
| AD&DBase | 1.44 | 2.88 | | |
| LifeBase | 8.56 | 17.12 | | |
| *Medical | 1,029.42 | 2,058.84 | | |
| | | | **Leave Balances** | |
| | | | PTO | 10.55 |

* this amount represents the total premium which includes the employer contribution and your employee deduction.

EXHIBIT

R

# EARNINGS STATEMENT



GroupHealth

Group Health Cooperative
320 Westlake Ave N Suite 100
Seattle, WA 98109-5233

Meunier, David A.
1400 lake washington blvd n.
A307
Renton, WA 98056

GHQ0115

EMPLOYEE # 24269
PAY DATE   02/06/2009
PAY PERIOD
01/18/2009 - 01/31/2009

Your 150% PTO limit is 252.09 hours.

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Code | Hours | Rate | Current Amount | Year To Date | Deduction | Current Amount | Year To Date |
| GTL | | | 16.50 | 33.00 | Fed Tax | 261.41 | 2,414.08 |
| STL | 40.00 | | 3,070.05 | 9,210.15 | Medicare | 42.88 | 223.06 |
| GFT | | | | 2,131.80 | Soc Sec | 183.32 | 953.76 |
| LNP | 40.00 | | | | MedicalP | 129.71 | 389.13 |
| MTX | | | | 4,397.46 | SuppLife | 39.62 | 118.86 |
| REIMB | | | | 87.63 | Pers Acc | 2.25 | 6.75 |

| | Current | Year To Date | | | |
|---|---|---|---|---|---|
| Gross Earnings | 3,086.55 | 15,860.04 | Total Deductions | 659.19 | |
| Federal Taxable Wages | 2,956.84 | 15,383.28 | | | |
| Social Security Taxable Wages | 2,956.84 | 15,383.28 | Net Amount | 2,410.86 | |
| Medicare Taxable Wages | 2,956.84 | 15,383.28 | | | |

| Employer Benefit Contributions | | | Deposit | |
|---|---|---|---|---|
| Dental | 60.67 | 182.01 | | |
| AD&DBase | 1.44 | 4.32 | | |
| LifeBase | 8.56 | 25.68 | | |
| *Medical | 1,029.42 | 3,088.26 | | |
| | | | Leave Balances | |
| | | | PTO | 13.78 |

* this amount represents the total premium which includes the employer contribution and your employee deduction.

EXHIBIT
S

## EARNINGS STATEMENT


GroupHealth

Group Health Cooperative
320 Westlake Ave N Suite 100
Seattle, WA 98109-5233

GHQ0115

Meunier, David A.
2000 Tallgrass Circle
Waukesha, WI 53188

EMPLOYEE # 24269
PAY DATE    02/20/2009
PAY PERIOD
02/01/2009 - 02/14/2009

Your 150% PTO limit is 252.09 hours.

| | EARNINGS | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Code | Hours | Rate | Current Amount | Year To Date | Deduction | Current Amount | Year To Date |
| STL | 40.00 | | 3,070.05 | 12,280.20 | Fed Tax | 258.94 | 2,673.02 |
| GFT | | | | 2,131.80 | Medicare | 42.63 | 265.69 |
| GTL | | | | 33.00 | Soc Sec | 182.30 | 1,136.06 |
| LNP | 40.00 | | | | MedicalP | 129.71 | 518.84 |
| MTX | | | | 4,397.46 | SuppLife | 5.15 | 124.01 |
| REIMB | | | | 87.63 | Pers Acc | 2.25 | 9.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Gross Earnings | | 3,070.05 | 18,930.09 | Total Deductions | 620.98 | |
| Federal Taxable Wages | | 2,940.34 | 18,323.62 | | | |
| Social Security Taxable Wages | | 2,940.34 | 18,323.62 | Net Amount | 2,449.07 | |
| Medicare Taxable Wages | | 2,940.34 | 18,323.62 | | | |
| Employer Benefit Contributions | | | | Deposit | | |
| Dental | | 60.67 | 242.68 | | | |
| AD&DBase | | 1.44 | 5.76 | | | |
| LifeBase | | 8.56 | 34.29 | | | |
| *Medical | | 1,029.42 | 4,117.68 | | | |
| | | | | Leave Balances | | |
| | | | | PTO | 17.02 | |

* this amount represents the total premium which includes the employer contribution and your employee deduction.

**EXHIBIT**

**T**

## EARNINGS STATEMENT


GroupHealth

Group Health Cooperative
320 Westlake Ave N Suite 100
Seattle, WA 98109-5233

Meunier, David A.
2000 Tallgrass Circle
Waukesha, WI 53188

GHQ0115  EMPLOYEE # 24269
PAY DATE  03/06/2009
PAY PERIOD
02/15/2009 - 02/28/2009

Your 150% PTO limit is 252.09 hours.

| Pay Code | Hours | Rate | Current Amount | Year To Date | Deduction | Current Amount | Year To Date |
|---|---|---|---|---|---|---|---|
| REG | | | 0.01 | 0.01 | Fed Tax | 52.54 | 2,725.56 |
| STL | 20.00 | | 1,535.02 | 13,815.22 | Medicare | 22.26 | 287.95 |
| GFT | | | | 2,131.80 | Soc Sec | 95.18 | 1,231.24 |
| GTL | | | | 33.00 | MedicalP | | 518.84 |
| LNP | 60.00 | | | | SuppLife | | 126.01 |
| MTX | | | | 4,397.46 | Pers Acc | | 9.00 |
| REIMB | | | | 87.63 | | | |

*Contrib stopped?* (handwritten)

| | Current | Year To Date | | |
|---|---|---|---|---|
| Gross Earnings | 1,535.03 | 20,465.12 | Total Deductions | 169.98 |
| Federal Taxable Wages | 1,535.03 | 19,858.65 | | |
| Social Security Taxable Wages | 1,535.03 | 19,858.65 | Net Amount | 1,365.05 |
| Medicare Taxable Wages | 1,535.03 | 19,858.65 | | |

| Employer Benefit Contributions | | | Deposit | |
|---|---|---|---|---|
| Dental | | 242.68 | | |
| AD&DBase | | 5.76 | | |
| LifeBase | | 34.24 | | |
| *Medical | | 4,117.68 | | |
| | | | Leave Balances | |
| | | | PTO | 18.63 |

* this amount represents the total premium which includes the employer contribution and your employee deduction.

**EXHIBIT**

**EARNINGS STATEMENT**



Group Health Cooperative
320 Westlake Ave N Suite 100
Seattle, WA 98109-5233

GHQ0115

Meunier, David A.
2000 Tallgrass Circle
Waukesha, WI 53188

EMPLOYEE # 24269
PAY DATE   03/20/2009
PAY PERIOD
03/01/2009 - 03/14/2009

Your 150% PTO limit is 252.09 hours.

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Code | Hours | Rate | Current Amount | Year To Date | Deduction | Current Amount | Year To Date |
| GFT | | | | 2,131.80 | Fed Tax | | 2,725.56 |
| GTL | | | | 33.00 | Medicare | | 287.95 |
| LNP | 80.00 | | | | Soc Sec | | 1,231.24 |
| MTX | | | | 4,397.46 | MedicalP | | 518.84 |
| REG | | | | 0.01 | SuppLife | | 124.01 |
| REIMB | | | | 87.63 | Pers Acc | | 9.00 |
| STL | | | | 13,815.22 | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Gross Earnings** | | | 0.00 | 20,465.12 | **Total Deductions** | 0.00 | |
| **Federal Taxable Wages** | | | 0.00 | 19,858.65 | | | |
| **Social Security Taxable Wages** | | | 0.00 | 19,858.65 | **Net Amount** | 0.00 | |
| **Medicare Taxable Wages** | | | 0.00 | 19,858.65 | | | |

| Employer Benefit Contributions | | | | | Deposit | | |
|---|---|---|---|---|---|---|---|
| Dental | | | | 242.68 | | | |
| AD&DBase | | | | 5.76 | | | |
| LifeBase | | | | 34.24 | | | |
| *Medical | | | | 4,117.68 | | | |
| | | | | | Leave Balances | | |
| | | | | | PTO | | 18.63 |

* this amount represents the total premium which includes the employer contribution and your employee deduction.

EXHIBIT ✓

# EARNINGS STATEMENT


**GroupHealth**

Group Health Cooperative
320 Westlake Ave N Suite 100
Seattle, WA 98109-5233

GHQ0115

Meunier, David A.
2000 Tallgrass Circle
Waukesha, WI 53188

EMPLOYEE # 24269
PAY DATE    04/17/2009
PAY PERIOD
03/29/2009 - 04/11/2009

Your 150% PTO limit is 252.09 hours.

| | | EARNINGS | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Code | Hours | Rate | Current Amount | Year To Date | Deduction | Current Amount | Year To Date |
| GFT | | | | 2,131.80 | Fed Tax | | 2,725.56 |
| GTL | | | | 33.00 | Medicare | | 287.95 |
| LNP | 80.00 | | | | Soc Sec | | 1,231.24 |
| MTX | | | | 4,397.46 | MedicalP | | 518.84 |
| REG | | | | 0.01 | SuppLife | | 124.01 |
| REIMB | | | | 87.63 | Pers Acc | | 9.00 |
| STL | | | | 13,815.22 | | | |

| | | | |
|---|---|---|---|
| **Gross Earnings** | 0.00 | 20,465.12 | **Total Deductions** | 0.00 |
| Federal Taxable Wages | 0.00 | 19,858.65 | | |
| Social Security Taxable Wages | 0.00 | 19,858.65 | **Net Amount** | 0.00 |
| Medicare Taxable Wages | 0.00 | 19,858.65 | | |

| Employer Benefit Contributions | | | Deposit |
|---|---|---|---|
| Dental | | 242.68 | |
| AD&DBase | | 5.76 | |
| LifeBase | | 34.24 | |
| *Medical | | 4,117.68 | |

Leave Balances
PTO                                                    18.63

* this amount represents the total premium which includes the employer contribution and your employee deduction.

**EARNINGS STATEMENT**

EXHIBIT

W


**GroupHealth**

Group Health Cooperative
320 Westlake Ave N Suite 100
Seattle, WA 98109-5233

Meunier, David A.
2000 Tallgrass Circle
Waukesha, WI 53188

GHQ0115

EMPLOYEE # 24269
PAY DATE    05/01/2009
PAY PERIOD
04/12/2009 - 04/25/2009

Your 150% PTO limit is 252.09 hours.

| Pay Code | Hours | Rate | Current Amount | Year To Date | Deduction | Current Amount | Year To Date |
|---|---|---|---|---|---|---|---|
| GFT | | | | 2,131.80 | Fed Tax | | 2,725.56 |
| GTL | | | | 33.00 | Medicare | | 287.95 |
| LNP | 80.00 | | | | Soc Sec | | 1,231.24 |
| MTX | | | | 4,397.46 | MedicalP | | 518.84 |
| REG | | | | 0.01 | SuppLife | | 124.01 |
| REIMB | | | | 87.63 | Pers Acc | | 9.00 |
| STL | | | | 13,815.22 | | | |

| | Current | Year To Date | | Current | Year To Date |
|---|---|---|---|---|---|
| **Gross Earnings** | 0.00 | 20,465.12 | **Total Deductions** | 0.00 | |
| **Federal Taxable Wages** | 0.00 | 19,858.65 | | | |
| **Social Security Taxable Wages** | 0.00 | 19,858.65 | **Net Amount** | 0.00 | |
| **Medicare Taxable Wages** | 0.00 | 19,858.65 | | | |

| **Employer Benefit Contributions** | | **Deposit** | |
|---|---|---|---|
| Dental | 242.68 | | |
| AD&DBase | 5.76 | | |
| LifeBase | 34.24 | | |
| *Medical | 4,117.68 | | |
| | | **Leave Balances** | |
| | | PTO | 18.63 |

* this amount represents the total premium which includes the employer contribution and your employee deduction.

**EXHIBIT**

**EARNINGS STATEMENT**


# GroupHealth

Group Health Cooperative
320 Westlake Ave N Suite 100
Seattle, WA 98109-5233

GHQ0115

EMPLOYEE # 24269
PAY DATE      05/15/2009
PAY PERIOD
04/26/2009 - 05/09/2009

Meunier, David A.
2000 Tallgrass Circle
Waukesha, WI 53188

Your 150% PTO limit is 252.09 hours.

| | EARNINGS | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Code | Hours | Rate | Current Amount | Year To Date | Deduction | Current Amount | Year To Date |
| GFT | | | | 2,131.80 | Fed Tax | | 2,725.56 |
| GTL | | | | 33.00 | Medicare | | 287.95 |
| LNP | 80.00 | | | | Soc Sec | | 1,231.24 |
| MTX | | | | 4,397.46 | MedicalP | | 518.84 |
| REG | | | | 0.01 | SuppLife | | 124.01 |
| REIMB | | | | 87.63 | Pers Acc | | 9.00 |
| STL | | | | 13,815.22 | | | |

| | Current Amount | Year To Date | | Current Amount | Year To Date |
|---|---|---|---|---|---|
| Gross Earnings | 0.00 | 20,465.12 | Total Deductions | 0.00 | |
| Federal Taxable Wages | 0.00 | 19,858.65 | | | |
| Social Security Taxable Wages | 0.00 | 19,858.65 | Net Amount | 0.00 | |
| Medicare Taxable Wages | 0.00 | 19,858.65 | | | |

| Employer Benefit Contributions | | Deposit | |
|---|---|---|---|
| Dental | 242.68 | | |
| AD&DBase | 5.76 | | |
| LifeBase | 34.24 | | |
| *Medical | 4,117.68 | | |
| | | Leave Balances | |
| | | PTO | 18.63 |

* this amount represents the total premium which includes the employer contribution and your employee deduction.