UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY JANE MEUNIER,<br><br>        Plaintiff,<br><br>  v.<br><br>GROUP HEALTH COOPERATIVE,<br>et al.,<br><br>        Defendants. | C13-1046 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Plaintiff's motion to conduct limited discovery of Defendant Aetna, docket no. 24. Having considered the motion and all pleadings filed in support of and opposition to the motion, the Court enters the following Order.

**Background**

Plaintiff Mary Jane Meunier is the widow-beneficiary of her husband, David, who was employed by Defendant Group Health Cooperative ("GHC"). Amended Complaint, docket no. 29, at ¶¶ 2, 10. David began working for GHC on November 10, 2008. Id. at ¶ 2. On November 19, 2008, he was diagnosed with brain cancer and he stopped working

ORDER - 1

shortly thereafter.  Id. at ¶¶ 11, 13.  David had surgery and was on a leave of absence until GHC terminated his employment in May 2009.  Id. at ¶ 13.  GHC deducted premiums for life insurance coverage from David's pay and contributed towards David's basic life insurance during the period January 1, 2009, through February 14, 2009.  Id. at ¶ 17.  Following David's death in April, 2010, Plaintiff contacted GHC regarding David's life insurance coverage and eventually received a copy of the summary plan description ("SPD") in April, 2011.  Id. at ¶ 18.

In July, 2011, GHC filed a claim for David's life insurance benefits on behalf of Plaintiff with Defendant Aetna Life Insurance Company ("Aetna"), the GHC plan insurer.  Id. at ¶ 20.  Aetna denied the claim for benefits, stating that David did not satisfy the 30-day continuous service requirement of the plan (as he had only worked 12 days before going on leave) or the active work rule (requiring an employee to return to work for one full day if away from work on the date benefits become eligible) and that therefore David was ineligible for coverage.  Administrative Record ("AR") at AET000478-481.  Plaintiff is suing GHC and Aetna for breach of fiduciary duty and GHC for interference with benefits under the Employee Retirement Income Security Act ("ERISA").  Plaintiff has moved to conduct limited discovery of Aetna to develop additional facts not contained in the administrative record.

**Discussion**

    A.    **Standard of Review under ERISA**

The standard of review under ERISA for denial of benefits is *de novo*, "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine

eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  If the plan confers "discretionary authority as a matter of contractual agreement, then the standard of review shifts to abuse of discretion."  Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006).

Abuse of discretion applies even if the administrator has a conflict of interest, such as when an insurer acts as both the plan administrator and the funding source for benefits. Id. at 965.  But "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'"  Id. (citing Firestone, 489 U.S. at 115).

Generally, a Court "may review only the administrative record when considering whether the plan administrator abused its discretion."  Id. at 970.  However, when a conflict exists, the Court "may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest."  Id.

**B.     Aetna's Discretion and Potential Conflict of Interest**

In this case, the life insurance plan explicitly grants to Aetna the discretionary authority to "determine whether and to what extent employees and beneficiaries are entitled to benefits; and construe any disputed or doubtful terms of this policy."  AR at AET000521.  Therefore the appropriate standard of review under Firestone and Abatie is abuse of discretion.

ORDER - 3

Plaintiff claims that Aetna has a conflict of interest because Aetna both administers and insures the GHC life insurance plan.  Plaintiff's Motion, docket no. 24, at 3.  As a result, Plaintiff contends that the Court may consider evidence outside of the administrative record regarding the nature and effect of the conflict of interest on Aetna's decision to deny benefits.  It is within the Court's discretion whether or not to permit such discovery.  In addition, the Court notes that Plaintiff also has a claim against GHC for interference with benefits under ERISA and discovery directed at Aetna could produce information relevant to that claim.  Therefore the Court will allow Plaintiff to conduct limited discovery addressing Aetna's conflict of interest and information relevant to Plaintiff's second ERISA claim.  However, Plaintiff's pending discovery requests are not limited to these matters and Plaintiff's motion will be granted only in part.  Aetna is directed to respond to Plaintiff's (1) Request to Admit Nos. 1-5, 8, 12, 16, and 23-24; (2) Interrogatory Nos. 8-14; and (3) Production Request H, L, M, N, O, S, T, and V.

**Conclusion**

The Court will review the merits of Plaintiff's case against Aetna under an abuse of discretion standard.  The only evidence outside of the administrative record the Court may consider on this claim is limited to assessing the nature, extent, and effect of any conflict of interest Aetna may have.  The Court GRANTS in part Plaintiff's motion to conduct discovery of Aetna and DIRECTS Aetna to respond to the pending discovery requests specifically identified above within 30 days from the date of this Order.  The Court DENIES the remaining motion for limited discovery.

ORDER - 4

1  IT IS SO ORDERED.

2  Dated this 15th day of November, 2013.

                                /s/ Thomas S. Zilly
                                THOMAS S. ZILLY
                                United States District Judge

ORDER - 5