1
2
3
4
5
6
7
8
9                                                          HON. THOMAS S. ZILLY
10
11
12                    IN THE UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
13

14
15   MARY JANE MEUNIER,
16                                    Plaintiff,
                                                          Case No. 2:13 cv-01046-TSZ
17        vs.
18                                                        PLAINTIFF'S
     GROUP HEALTH COOPERATIVE and                        SUPPLEMENTAL BRIEF
19   AETNA LIFE INSURANCE                                 ON ERISA STANDING
     COMPANY,
20                                                        NOTE FOR MOTION CALENDAR:
21                                    Defendants.         Friday, March 28, 2014
22

23        The facts show that Plaintiff has ERISA standing.  Plaintiff's deceased husband,

24   David A. Meunier, began work as a full-time employee of Group Health Cooperative on

25   November 10, 2008.   On his first day of work for GHC, David applied for various

26
     employee benefits, including group term life insurance.  GHC enrolled David in its life
27

28

insurance plan effective January 1, 2009, deducted premiums from David's pay and paid them to Aetna.  David took a leave of absence, for which he received short term disability benefits through February 22, 2009.  After David died, Plaintiff filed a claim with Aetna for his life insurance benefits.  Aetna denied the claim based on its erroneous conclusion that David had not satisfied the requirements for eligibility for coverage.  After David had passed away, GHC provided Plaintiff with a Summary Plan Description for David's life insurance which provided in pertinent part:

> **Eligibility**
>
> **Employees**
>
> …
>
> Your Eligibility Date is the first day of the calendar month coinciding with or next following the date you complete a probationary period of 30 days of continuous service for your Employer . . .
>
> …
>
> **Effective Date of Coverage**
>
> *Active Work Rule:*  If you happen to be ill or injured and away from work on the date your coverage would take effect, the coverage will not  take effect until you return to full-time work for one full day.
>
> …
>
> **Beneficiaries**
>
> You may name or change your beneficiary by filing written request at your Employer's headquarters or at Aetna's Home Office.  Ask your Employer for the forms. …
>
> Any amount payable to a beneficiary will be paid to those you name. …
>
> If no named beneficiary survives you or if no beneficiary has been named, payment will be made as follows to those who survive you:
>
> • Your spouse, if any. . .

Plaintiff is David's surviving spouse and is also the Wisconsin court-appointed personal representative of the estate of David Meunier, In the Estate of David A. Meunier, No. 2013PR000389 (Wis. Cir. Ct.Waukesha Cnty., filed Aug. 28, 2013).  Mary Jane has standing to pursue an ERISA claim because she, acting individually and as personal

representative of her deceased husband's estate, is a "participant" or "beneficiary" of the plan.  See Kuthy v. Mansheim, 124 Fed. App'x. 756 (4th Cir. 2004).  ERISA plan participants and beneficiaries have standing to sue under ERISA § 502(a)(2) for breach of fiduciary duty.  Standing is generally determined as of the date of the ERISA violation or the date the lawsuit is filed.  Miller v. Rite Aid. Corp., 504 F.3d 1102 (9th Cir. 2007). Contrary to Aetna's false assertions, David was a plan participant.

Aetna erroneously asserts that David did not complete the 30-day continuous service requirement.  Although the SPD contains a glossary of defined terms, "service" is not among them.  Aetna incorrectly implies that "service" can only include a period of "active work."  However, "service" can include periods of absence for which the employee is paid (e.g., holidays, vacation, jury duty, military duty, short term disability, etc.)  In fact, the term "service" must include periods of absence for which an employee receives disability pay under applicable pension law (see 29 C.F.R. § 2530.200b-2) as well as with respect to health benefits under the Affordable Care Act (26 C.F.R. § 54.4980H-1(24)).  Through its 30(b)(6) deponent, Dawn Chiasson, GHC admits that it treats as active service periods during which employees receive short term disability pay. See Clark Decl. 61-62, ECF No. 71-1.  GHC enrolled David in its life coverage plan as of January 1, 2009, consistent with this definition of service.

As plan administrator, GHC has an ERISA fiduciary duty to operate the plan in accordance with the terms of the plan document.  At the same time, Aetna, also an ERISA fiduciary, looked to GHC to determine whether an employee meets the eligibility

rules and to conduct plan enrollment accordingly.  GHC had all of the facts necessary to determine whether David was actively at work on January 1, 2009.  GHC enrolled David in its life insurance coverage, deducted contributions from his pay and forwarded them to Aetna.  Aetna accepted the premiums for David's life insurance coverage.

Nevertheless, Aetna incorrectly asserts that David did not meet the "Active Work Rule."  If he was ineligible, GHC presumably would not have paid the premiums for David to Aetna.  But if the court ultimately concludes that David did not satisfy the "Active Work Rule," then Aetna, because of its breaches of fiduciary duty in accepting premiums for David's coverage and relying on its ERISA co-fiduciary, GHC, to properly enroll only those employees who met the eligibility requirements of the plan, cannot now deny the fact that David was a participant in the plan.

As the surviving spouse of a plan participant and under the terms of the plan, Plaintiff is an ERISA participant or beneficiary. See Geissal, ex rel. Estate of Geissal v. Moore Med. Corp., 338 F.3d 926 (8th Cir. 2003)  In addition, as the personal representative of David's estate, Mary Jane Meunier steps into his shoes as a plan participant and has standing to sue for breach of ERISA fiduciary duties.  See McBride v. Life Ins. Co. of Va., 190 F. Supp. 2d 1366 (M.D. Ga. 2002); Shea v. Esenten, 107 F.3d 625, 628 (8th Cir. 1997), Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 248 (3d Cir. 2002); Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207 (11th Cir. 1999).

Even if David was technically ineligible for the life insurance benefits, Mary Jane still has ERISA standing to seek the appropriate equitable relief of surcharge, estoppel

PLAINTIFF'S SUPPLEMENTAL BRIEF
ON ERISA STANDING

13478815

4

1 and waiver against Aetna and GHC.  Her standing to sue Aetna and GHC is based on

2 their breaches of ERISA fiduciary duty to David and Mary Jane.

3          Where, as here, an employer's alleged breach of ERISA fiduciary duty causes the

4 employee to either give up his right to benefits or not participate in a plan, the employee

5 has ERISA standing to challenge the fiduciary duty breach.  McBride v. PLM Int'l, Inc.,

6 179 F.3d 737 (9th Cir. 1999); Miller, 504 F.3d 1102.  Plaintiff, as David's widow and

7 personal representative of his estate, has ERISA § 502 standing to sue Aetna and GHC.

8          Respectfully submitted this 28th day of March, 2014.

9

10 /s/Jeffrey P. Clark                          /s/ Joseph L. Koplin
   Jeffrey P. Clark                            Joseph L. Koplin, 7683
11 WI State Bar ID No. 1009316                  MOSCHETTO KOPLIN, INC., P.S.
   REINHART BOERNER VAN                         1800 112th Avenue NE, Suite 300#
12 DEUREN s.c.                                  Bellevue, WA 98004-2954
   1000 North Water Street, Suite 1700         (425) 641-6000
13 Milwaukee, WI 53202                          (425) 641-1745 (facsimile)
   (414) 298-8131                              E-mail:  joe@moschettokoplin.com
14 (414) 298-8097 (facsimile)                   Attorney for Plaintiff Mary Jane Meunier
   E-mail:  jclark@reinhartlaw.com
15 Attorney for Plaintiff Mary Jane
   Meunier
16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S SUPPLEMENTAL BRIEF
ON ERISA STANDING

13478815                                    5